USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 12, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALASAN TRINN,

Plaintiff,

-against-

DOUGLAS ELLIMAN PROPERTY
MANAGEMENT; SCOTT PECKELIS,

Defendants.

1:26-CV-2734 (MMG)

**ORDER OF SERVICE**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Alasan Trinn, of Orange County, New Jersey, appears *pro se* and brings this action asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the New York State Human Rights Law, and the New York City Human Rights Law. He seeks damages and backpay, and he sues: (1) Douglas Elliman Property Management ("DEPM"), his former employer; and (2) Scott Peckelis ("Peckelis"), DEPM Senior Account Executive.[1]

By order dated April 28, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court drops, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), Peckelis as a defendant in this action, and adds, under that same rule, Sean Twomey ("Twomey"), a DEPM Resident Manager, as a defendant in this action. The Court directs service on DEPM and Twomey.

---

[1] The Court construes Plaintiff's separately filed Statement of Claim, Dkt. No. 3, as a supplement to the Complaint, Dkt. No. 1.

**DISCUSSION**

**A. Rule 21**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

A court can, under Rule 21, drop a defendant from an action when the plaintiff "alleges nothing about [that] named defendant[] and therefore has not stated a claim against [him] or shown that [he is] properly joined to th[e] action." *Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, No. 7:20-CV-7710 (VB), 2020 WL 7343025, at *2 (S.D.N.Y. Dec. 14, 2020). In addition, "[u]nder this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)); *see Miller v. New York City*, No. 24-CV-8938, 2026 WL 743394, at *2 (S.D.N.Y. Mar. 17, 2026). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

First, the Court drops Peckelis as a defendant in this action. Plaintiff alleges nothing about Peckelis in the Complaint nor in the Statement of Claim. *See* Dkt. Nos. 1, 3. In the interest of efficiency and justice, and because there is no claim asserted against Peckelis by

2

Plaintiff, the Court directs the Clerk of Court to drop Peckelis as a defendant pursuant to Rule 21.

Next, the Court adds Twomey as a defendant in this action.  Plaintiff alleges numerous detailed causal actions by Twomey in the Statement of Claim.  *See* Dkt. No. 3.  The Court understands that by mentioning Twomey in his statement of claim, Plaintiff intended to name him as a defendant.  Accordingly, in the interest of efficiency and justice, because Twomey was mentioned throughout the body of the Complaint as involved in the alleged underlying events, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add Twomey as a defendant pursuant to Rule 21.  The addition of Twomey as a defendant is without prejudice to any defenses that Twomey may assert in this action.

### B. Service on DEPM and Twomey

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (a court must order the USMS to serve if a plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on DEPM and Twomey, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to issue summonses for DEPM and

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on DEPM and Twomey until the Court reviewed the Complaint and ordered that summonses for these defendants be issued.  The Court therefore extends the time to serve these Defendants until 90 days after the date that summonses for these Defendants are issued.

Twomey and to deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the Complaint, including its Supplement, Dkt. Nos. 1, 3, on these Defendants.

If summonses and the Complaint, with its Supplement, are not served on DEPM and Twomey within 90 days after the summonses for these Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

### CONCLUSION

For the reasons explained above, and pursuant to Federal Rule of Civil Procedure Rule 21, the Court drops Scott Peckelis as a Defendant and adds Sean Twomey as a Defendant in this action. The Clerk of Court is respectfully directed to terminate Peckelis as a Defendant.

The Court further directs the Clerk of Court to: (1) issue summonses for Defendants Douglas Elliman Property Management and Sean Twomey; (2) complete a USM-285 form for each of these Defendants; (3) deliver all documents necessary to effect service of summonses and the Complaint with its Supplement, Dkt. Nos. 1, 3, on these Defendants to the USMS; and (4) mail an information package to Plaintiff.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: June 12, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

4

**SERVICE ADDRESSES FOR DEFENDANTS**

1.  Douglas Elliman Property Management
    909 Third Avenue
    11th Floor
    New York, New York 10022

2.  Sean Twomey
    Resident Manager
    130 William Street
    New York, New York 10038